# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 2:95-cr-00030-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| DAVID EDWARD CATOLSTER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on a motion filed by Kelvin Fuller on behalf of the Defendant David Edward Catolster. [Doc. 52].

The Defendant pleaded guilty to one count of aggravated sexual abuse while in Indian country, in violation of 18 U.S.C. §§ 2241 and 1153. He was sentenced on April 22, 1996, to a term of 97 months' imprisonment to be followed by five years of supervised release and was ordered to register as a sex offender. [Doc. 23]. He did not file a direct appeal. He filed a subsequent motion to vacate pursuant to 28 U.S.C. § 2255, which was denied. [Docs. 28, 29]

The present motion before the Court was filed by Kelvin Fuller, a person who claims to hold a power of attorney for the Defendant. Mr. Fuller

requests that the Defendant "be removed from the sex offenders list" and "to have the sex abuse charge drop[ped]."  [Doc. 52 at 1].

To the extent that Mr. Fuller is attempting to appear in this matter on the Defendant's behalf, this motion must be denied.  Appearances in federal court are governed by 28 U.S.C. § 1654, which permits parties "[i]n all of the Courts of the United States ... [to] plead and conduct their own cases personally or by counsel...."  28 U.S.C. § 1654.  This section, which codifies the Sixth Amendment's right to counsel, allows a litigant a choice between representation by counsel and self-representation. See Faretta v. California, 422 U.S. 834 (1975).  The term "counsel" as used in this context, however, refers only to an individual authorized to practice law.  See United States v. Irwin, 561 F.2d 198, 200 (10th Cir. 1977).  The right to assistance of counsel does not include the right to representation by a person unlicensed to practice law.  United States v. Taylor, 569 F.2d 448, 451 (7th Cir. 1978); see also United States v. Martin, 790 F.2d 1215, 1218 (5th Cir. 1986) (holding that the defendant had no right to be represented by non-lawyer); United States v. Wilhelm, 570 F.2d 461, 465 (3d Cir. 1978) (rejecting contention that defendant had constitutional right "to be represented by a friend who is neither a law school graduate nor a member of the bar").  The fact that Mr. Fuller may hold a power of attorney for the Defendant does not permit Mr.

Fuller to represent the Defendant in this matter. See Myers v. AT&T Corp., No. 2:13-cv-1432-RMG, 2013 WL 4823282, at *2 (D.S.C. Sept. 9, 2013).

**IT IS, THEREFORE, ORDERED** that the motion filed by Kelvin Fuller on behalf of the Defendant David Edward Catolster [Doc. 52] is **DENIED**.

**IT IS SO ORDERED.**

Signed: November 28, 2018

Martin Reidinger
United States District Judge